# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 2, 2016

v

WALTER MICHAEL FIELDS II,

No. 326702
Wayne Circuit Court
LC No. 13-011050-FH

Defendant-Appellant.

Before: SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

The trial court sentenced defendant to concurrent terms of 5 to 15 years' imprisonment for each of two convictions of operating a motor vehicle while intoxicated, causing death. Defendant appeals as of right. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On December 16, 2012, after leaving a Sterling Heights bar, Nadeem Sawaf, Kush Sood, and Erica Cholewa traveled in Sawaf's Honda on the I-75 expressway toward Detroit which he was driving. Sawaf lost control of his car, causing it to spin, hit a median wall, and ultimately stop in a perpendicular position across the right two lanes of the highway. After the three occupants left the car and made it safely to the embankment, Sawaf and Sood returned to the car on the roadway, where they were struck by defendant's Ford Explorer at approximately 2:00AM.

While questioning defendant, State Police Trooper Josh Reeber, one of the first responders to the scene, noticed a strong odor of alcohol emanating from defendant. He also observed a full container of beer in the front seat of defendant's truck and a half-empty bottle of Hennessy Cognac in a brown paper bag in the back. Trooper Reeber performed field sobriety tests on defendant, all of which he failed. Subsequent testing revealed that defendant had a blood alcohol content level of .21 at 5:39 a.m., two and a half times the legal limit of .08.

Defendant's theory of the case at trial was that he was not responsible for the victims' deaths, claiming that both victims acted grossly negligent when they left their position of safety on the embankment and returned to the roadway. Defendant argued that this negligent conduct was an intervening cause that superseded his conduct. The trial court instructed the jury in accordance with defendant's proposed instructions. The jury found defendant guilty of two counts of operating a motor vehicle while intoxicated, causing death, and the court sentenced

him to two concurrent terms of 5 to 15 years' imprisonment, which he now appeals on three grounds.

## I. JURY INSTRUCTIONS

Defendant argues that he is entitled to a new trial because "[t]he modified instruction provided to the jury by the trial court judge in this case confused the concepts of factual and proximate cause." This claim of instructional error has been waived.

This Court recently reiterated that "a party cannot request a certain action of the trial court and then argue on appeal that the action was error." *People v Perkins*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 323454); slip op at 10 (citation omitted). Before closing arguments, the parties discussed the jury instructions. The defense proposed a special instruction on causation, which counsel read into the record as follows:

> We have proposed two very short instructions. One is in addition to 15.11 that basically described for the jury what an intervening cause is, and it basically says, it is claimed that the Defendant's operation of his vehicle was not a proximate cause of the death of Mr. Sood and Mr. Sawaf because of an intervening, superseding cause, and it is claimed by the Defendant.
>
> Gross negligence or intentional misconduct on the part of Mr. Sood and Mr. Sawaf constitutes an intervening, superseding cause. A superseding, intervening cause must not be reasonably foreseeable. If you find that there was an intervening superseding cause in this case, then you must find the Defendant not guilty.
>
> Then we take out of the gross negligence instruction from 16.[1]8 a definition of gross negligence. That instruction, it's tailored so that the gross negligence applies to the victim as opposed to the defendant which is what the instruction was written for.

In closing argument, as defense counsel argued that defendant was not the proximate cause of the victims' deaths, he essentially quoted the language of the special jury instruction, stating:

> If you find that Mr. Sood and Mr. Sawaf were grossly negligent and that their conduct was not foreseeable, then the prosecution cannot say that they've proved element five. That they've proved that the proximate cause of the death in this case was due to conduct by Mr. Fields.
>
> I think it is beyond any stretch of imagination that they are going to be able to say that they proved that in this case beyond a reasonable doubt.
>
> You'll be told, among other things, that a superseding, intervening cause must not be reasonably foreseeable. Gross negligence is not reasonably foreseeable. If you find that there was an intervening, superseding cause in this case, then you must the Defendant not guilty.

-2-

Now gross negligence means more than carelessness. It means willfully disregarding the results to others that might follow from an act or failure to act.

A person is grossly negligent if, and in this case the decedent[s] would be grossly negligent, if they knew of a danger, that is they knew of a situation that required them to take ordinary care to prevent injury that a reasonable person would have taken, that must have been apparent to the reasonable person, the result would likely be serious injury.

Let me read that again.

The decedents failed to use ordinary care to prevent injury when to a reasonable person it must have been apparent that the result was likely to result in serious injury.

At the close of arguments, the trial court gave the following jury instruction as requested by the defense:

Fifth, that the Defendant's operation of the vehicle caused the victims['] death. To cause" the victims['] death, the Defendant's operation of the vehicle must have been a factual cause of the death, that is, but for the Defendant's operation of the vehicle, the death would not have occurred.

In addition, operation of the vehicle must have been a proximate cause of death. That is, death or serious injury must have been a direct and natural result of operating the vehicle.

It is claimed that Defendant's operation of his vehicle was not a proximate cause of the deaths of Mr. Sood and Mr. Sawaf because of an intervening, superseding cause. Gross negligence or intentional misconduct on the part of Mr. Sood or Mr. Sawaf constitutes an intervening, superseding cause.

A superseding, intervening cause must not be reasonably foreseeable. Gross negligence is not reasonably foreseeable.

If you find that there was an intervening, superseding cause in this case, then you must the Defendant not guilty.

Gross negligence means more than carelessness. It means willfully disregarding the results to others that might follow from an act or failure to act.

The decedents were grossly negligent if they knew of the danger, that is, they knew that there was a situation that required them to take ordinary care to avoid injury, they knew that they could have avoided the injury by using ordinary care, and that they failed to use ordinary care to prevent injury when to a reasonable person it must have been apparent that the result was likely to be serious injury.

After the trial court completed its final instructions, but before the jury was dismissed for deliberations, it asked the parties "are the instructions satisfactory with the prosecution and the defense?" Defense counsel stated, "Yes, your Honor." Because the trial court instructed the jury as defendant requested, and defense counsel expressed satisfaction with those instructions, defendant has waived appellate review of this claim. "[A] defendant may not request [] an instruction, only to later claim resulting confusion in the jury instructions, thus harboring error as an appellate parachute." *People v Jackson*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 322350; slip op at 5. Defendant's waiver extinguishes any error. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

## II. JURY QUESTION

Defendant argues that the trial court's responsive instruction on gross negligence, coupled with its inadequate instructions on causation, denied him a fair trial. We disagree. Claims of instructional error are reviewed de novo. *People v McMullan*, 284 Mich App 149, 152; 771 NW2d 810 (2009). Jury instructions are reviewed in their entirety to determine whether any error requiring reversal occurred. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). An imperfect instruction will not warrant reversal if the instructions, examined as a whole, fairly presented the issues to be tried and sufficiently protected the defendant's rights. *Id.* at 501-502.

As defendant observes, during deliberations, the jury sent a note that stated: "In order for victims to be considered grossly negligent, must they meet all of the elements as listed in 16.18?" After the parties' arguments, the trial court instructed the jury:

> The gross negligence instruction is to be read and considered as part of paragraph (5) under the elements of the offense. All elements must be proven beyond a reasonable doubt before a verdict of guilty can be rendered.

Contrary to what defendant argues, the trial court's responsive instruction does not require reversal. Initially, as support for his claim that the trial court's response was inadequate, defendant again revisits his previous argument that the trial court's instructions on "the concept of" proximate cause were inadequate. As indicated previously, the trial court instructed the jury just as defendant requested. Furthermore, even accepting defendant's claim that the trial court's response was inadequate, an error in instructing the jury is presumed to be harmless, and the defendant bears the burden of proving otherwise. MCL 769.26; *People v Lukity*, 460 Mich 484, 493-495; 596 NW2d 607 (1999). This Court will only reverse if, " 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative." *Id.* at 495-496, quoting MCL 769.26. Other than revisiting his previous claim, defendant does not explain how he was harmed by the trial court's response. Defendant's requested special jury instruction that introduced the definition of gross negligence was given as part of the proximate cause element. In response to the jury's question, the trial court correctly instructed the jury that the prosecution had the burden of proving, beyond a reasonable doubt, that defendant was a proximate cause of the victims' deaths. M Crim JI 15.11. By also instructing the jury that the elements of gross negligence are part of the elements of the charged offense, the court in essence instructed the jury that in order to prove that defendant was a proximate cause of the victims' deaths, the prosecution had the additional burden of disproving

that the victims were grossly negligent. Accordingly, not only was the trial court's responsive instruction consistent with defendant's requested special instruction, any error was more harmful to the prosecution. Consequently, there is no basis for concluding that defendant was prejudiced by the trial court's response. Because the trial court instructed the jury just as the defense requested and the responsive instruction did not lessen the prosecution's burden of proof, defendant was not denied a fair trial.

## III. MOTION TO STRIKE SERGEANT LINDSTROM'S TESTIMONY

In his last issue, defendant argues that the trial court abused its discretion when it denied his request to strike the testimony of Sergeant Chad Lindstrom, who was qualified as an expert in accident reconstruction. We disagree. We review a trial court's evidentiary decisions, including its decisions regarding the admissibility of expert testimony, for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). A trial court abuses its discretion when its decision "falls outside the range of reasonable and principled outcomes." *Id.* at 217.

Defendant contends that the Lindstrom's testimony should have been stricken because the prosecution did not identify him as an expert on its witness list, nor did it provide a report of his proposed testimony. MCL 767.40a(3) provides that "[n]ot less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial." Sergeant Lindstrom was identified as a witness to be called at trial on the prosecution's witness list that was dated more than nine months before the trial's commencement. With respect to the prosecutor's duty to disclose the names of expert witnesses and provide reports under MCR 6.201(A), disclosure of those specified items is mandated only "upon request." The record does not indicate that defendant requested this information in any pretrial demand for discovery. Even if defendant had requested the information and it was not timely provided, the trial court used its discretion under MCR 6.201(J) to allow defendant to suspend his cross-examination of the sergeant on December 12, 2014, and resume it on January 5, 2015, thereby alleviating any harm to defendant by providing counsel with ample additional time to prepare to address the challenged testimony. In addition, when the court instructed the prosecution to turn over any reports authored by Lindstrom, defense counsel acknowledged that he already possessed the documents that the witness had prepared. On January 5, defense counsel continued his cross-examination of Lindstrom. Defendant does not argue that defense counsel was unable to adequately cross-examine Lindstrom at that time. The trial court did not abuse its discretion in allowing Sergeant Lindstrom's expert testimony.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause

-5-